NO. 07-12-0422-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2012

_____

LUIS S. LAGAITE, JR.,

Appellant

v.

GREGORY BOLAND, ET AL.,

Appellees

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 97,061-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is a motion filed by appellees to dismiss the appeal for lack of jurisdiction. According to the motion, appellant is appealing the trial court's finding that he is a vexatious litigant which is not a final appealable order since his lawsuit is still pending below. We agree and dismiss the appeal.

Unless a statute authorizes an interlocutory appeal, appellate courts generally have jurisdiction only over final judgments. *CMH Homes v. Perez,* 340 S.W.3d 444, 447-48 (Tex. 2011). Furthermore, we are to strictly apply statutes granting interlocutory

appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Id.*

Under Texas Civil Practice and Remedies Code § 51.014, "[a] person may appeal from an interlocutory order of a district court, county court at law, or county court that: (1) appoints a receiver or trustee; (2) overrules a motion to vacate an order that appoints a receiver or trustee; (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure; (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65; (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state; (6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73; (7) grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code; (8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001; (9) denies all or part of the relief sought by a motion under Section 74.351(b) [an expert report in a medical liability case], except that an appeal may not be taken from an order granting an extension under Section 74.351; (10) grants relief sought by a motion under Section 74.351(l); or (11) denies a motion to dismiss filed under Section 90.007 [claims involving asbestos and silica]."

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2012). None mention an appeal from a vexatious litigant finding.

Appellant filed a notice of appeal from the trial court's order "declaring [him] to be a vexatious litigant on September 5, 2012 and . . . requir[ing] [him] to furnish[] . . . security" in the amount of $750.00. The trial court has indicated that the suit will be dismissed if the filing fees are not paid and no dismissal has occurred to date. Therefore, there is no final appealable order in the cause.

Accordingly, we grant appellees' motion to dismiss the appeal and dismiss the appeal for lack of jurisdiction.[1]

Brian Quinn
Chief Justice

---

[1]Appellees' motion to dismiss does not mention subsections 11.101(c) or 11.103(d) of the Civil Practice and Remedies Code, which provides for appeal of prefiling orders designating a person as a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c) (West Supp. 2012). Those subsections do not require a different outcome in this case. Nor do we address whether the statute permits a vexatious finding while suit is pending or after an appellate court has already held in a prior appeal that the plaintiff averred a lawful cause of action.